This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41380**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EDUARDO ROMERO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe, District Court Judge**

Raúl Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, the answer brief, and the reply brief, we affirm, in part, and reverse, in part, for the following reasons.

**{2}** Defendant appeals his conviction for aggravated fleeing a law enforcement officer. [RP 165] Defendant first argues that it was inappropriate for the jury to watch a portion of a video that had not previously been published to the jury and showed Defendant receiving *Miranda* warnings. [BIC 5] Defendant states that his counsel did not object to having the jury watch that portion of the video, and thus the claim should be reviewed for plain error. [Id.] The doctrine of plain error, arising from our Rules of Evidence, applies specifically to evidentiary matters and permits a court to "take notice of a plain error affecting a substantial right, even if the claim of error was not properly preserved." Rule 11-103(E) NMRA. "We must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." *State v. Contreras*, 1995-NMSC-056, ¶ 23, 120 N.M. 486, 903 P.2d 228 (internal quotation marks and citation omitted). The plain error rule is to be used sparingly and is an exception to the rule that parties must raise timely objections to improprieties at trial. *State v. Paiz*, 1999-NMCA-104, ¶ 28, 127 N.M. 776, 987 P.2d 1163.

**{3}** The video in question was taken from an officer's lapel camera, lasted over thirty-one minutes, and was admitted into evidence. [AB 2] The video showed Defendant's arrest after he had been caught fleeing from police and much of the video depicted Defendant's post-arrest ride in a patrol car to the police station. [Id.] After the State had shown about twenty minutes of the video to the jury, the State stopped it before the portion of the video showing police reading the *Miranda* warnings to Defendant at the police station because that portion "had little relevance." [Id.] While the jury was deliberating, they apparently watched the whole video, including the disputed portion, after posing a question to the district court about whether police had read Defendant the *Miranda* warnings. [Id. at 3; BIC 3]

**{4}** Defendant asserts that allowing the jury to see the entire video infected the integrity of the proceedings and constituted plain error. [BIC 5] *See State v. Gutierrez*, 2003-NMCA-077, ¶ 19, 133 N.M. 797, 70 P.3d 787 (holding that in order to find plain error, "[w]e must have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding"). However, we do not see how viewing the last portion of the video could have had an impact on the verdict. *See Contreras*, 1995-NMSC-056, ¶ 23. The video had been admitted into evidence in its entirety and the disputed portion did not depict any matter that would be prejudicial or otherwise relevant to the jury's decision to find the essential elements of aggravated fleeing. *See* NMSA 1978, § 30-22-1.1(A) (2003, amended 2022). Therefore, we conclude that the jury viewing the portion of the video depicting Defendant being read his *Miranda* warnings did not constitute plain error.

**{5}** Defendant next asserts that, at an initial sentencing hearing, the district court failed to advise Defendant of his right to appeal. Rule 5-702(A) NMRA states that, at the time of imposing a sentence, "the [district] court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to proceed at state expense." Defendant acknowledges that, two weeks after the initial sentencing hearing, the district court held a second hearing to advise Defendant of his

right to appeal. [BIC 4] However, Defendant asserts that the district court "did not advise [Defendant] that he had the right to appeal at the State's expense." [BIC 6]

**{6}** Defendant does not provide us with any authority indicating that the district court's initial failure to advise him of his right to appeal or subsequent failure to advise him that he could appeal at the State's expense if he was unable to pay constituted reversible error. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). Further, as Defendant also acknowledges, Defendant filed a timely notice of appeal less than one week after the filing of the judgment and sentence at which time the district court found him indigent, appointed a public defender to represent him in his appeal, and allowed free process. [BIC 6] Consequently, we conclude that, to the extent there was error, that error did not constitute reversible error because Defendant did not suffer any prejudice. *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error.").

**{7}** Lastly, Defendant contends that the district court did not give him the opportunity to speak at either hearing and thus violated his right of allocution. [BIC 7] In its answer brief, the State agrees that Defendant was not given the opportunity to address the sentencing court and therefore Defendant's sentence is invalid. Although we are not bound by the State's concession, we agree. *See State v. Tapia*, 2015-NMCA-048, ¶ 31, 347 P.3d 738. "It is the duty of the court to inform a defendant of his or her right to allocution, and when, as in this case, the district court does not fulfill this duty, the sentence is invalid." *State v. Williams*, 2021-NMCA-021, ¶ 14, 489 P.3d 949. As such, we reverse Defendant's sentence and remand for a new sentencing hearing at which Defendant is to be advised of his right to address the district court and given the opportunity to do so. *State v. Wing*, 2022-NMCA-016, ¶ 30, 505 P.3d 905. We otherwise affirm Defendant's conviction.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**KATHERINE A. WRAY, Judge**